UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

YOSHINORI MIZUMA,   CASE NO.:

    Plaintiff,

vs.

YAMAGUCHI, INC.,
A Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, YOSHINORI MIZUMA ("Mr. Mizuma" or "Plaintiff"), by and through the undersigned counsel, files this Complaint against Defendant, YAMAGUCHI, INC. ("YAMAGUCHI" or "Defendant"), a Florida Profit Corporation, and states as follows:

### INTRODUCTION

1. Plaintiff brings this action for interference and retaliation pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("FMLA"), and for disability discrimination in violation of the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA"). Plaintiff is seeking damages including Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

### JURISDICTION, VENUE, AND FMLA COVERAGE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA, and has the authority to grant declaratory relief under the FMLA and

pursuant to 28 U.S.C. § 2201, et seq.

3. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as his FMLA claims.

4. At all times relevant hereto, Plaintiff was an employee of Defendant.

5. Plaintiff is an adult individual who worked for Defendant in Miami-Dade County, Florida, and this venue is therefore proper.

6. Defendant is a Florida limited liability company that operates and conducts business in Miami-Dade County, Florida, and is therefore within the jurisdiction of this Court.

7. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

8. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

9. Plaintiff, a disabled male, is protected by the FCRA because:

    a. He suffered discrimination on the basis of his disability, and/or perceived disability, by Defendant; and

    b. He was suffered an adverse employment action based on his disability, or Defendant's perception that he was disabled.

10. Defendant was at all material times an "employer" as defined by the FCRA at Section 760.02(7), Florida Statutes, as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

11. On or about April 6, 2019, Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the Florida Commission on Human Relations ("FCHR").

12. More than one-hundred-and-eighty (180) days have passed since the filing of Plaintiff's FCRA claims, rendering Plaintiff's FCRA claims ripe for filing.

13. Plaintiff timely files this action within the applicable period of limitations against Defendant, and has complied with all administrative prerequisites.

14. All conditions precedent to this action have been satisfied and/or waived.

## STATEMENT OF FACTS

15. Mr. Mizuma worked for Defendant as a Chef from March 9, 2015, until his unlawful and retaliatory termination on October 31, 2019

16. In early October 2019, Mr. Mizuma felt unwell and visited a nearby hospital emergency room. Mr. Mizuma was referred to a kidney specialist, who diagnosed him with Chronic Kidney Disease.

17. Chronic Kidney Disease is considered a protected disability under the FCRA, and a serious health condition under the FMLA.

18. Mr. Mizuma disclosed his disability to Defendant's Managers, including Satomi, and attempted to engage her in the interactive process regarding potential reasonable accommodations for his disability.

19. Defendant refused to engage in the interactive process.

20. Accordingly, on October 29, 2019, Mr. Mizuma's disability forced him to be admitted to the hospital. Mr. Mizuma's physicians informed him that he would need dialysis treatment on a regular schedule going forward.

21. Mr. Mizuma was given a note from his treating physicians which stated that Mr. Mizuma would need to miss work for some days but had been cleared to return to work as of November 4, 2019.

22. Accordingly, Mr. Mizuma's wife called YAMAGUCHI and informed of Defendant's Managers, including Satomi, of the fact that Mr. Mizuma would need to miss a few days from work, but would be able to return to work on November 4, 2019.

23. Plaintiff's serious health condition disclosure and request for leave should have prompted YAMAGUCHI to advise him of his rights and responsibilities pursuant to the FMLA.

24. YAMAGUCHI failed to do so.

25. This, itself, is a violation of the FMLA.

26. As such, Mr. Mizuma took what should have been protected FMLA leave to manage his serious health condition and disability.

27. On October 31, 2019, Mr. Mizuma's wife dropped off Mr. Mizuma at YAMAGUCHI's premises to that he could provide the note provided by his physician.

28. At this time, Mr. Mizuma again attempted to engage Defendant's Manager, Tim, in a conversation about potential reasonable accommodations/medical leave for his disability due to his recent medical episode and diagnosis and also provided the doctor's note given to him by his physicians.

29. Instead of providing FMLA guidance and engaging in the interactive process, Tim called Mr. Mizuma an hour later and terminated his employment, effective immediately.

30. As a reason for the termination, Tim outright stated that Plaintiff's medical needs could not be accommodated.

31. Such a discriminatory and unlawful termination is exactly the type of adverse employment action that the FCRA and the FMLA were intended to prevent.

32. Any other reason given for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation, and disability discrimination.

33. The timing of Plaintiff's use of what should have been protected FMLA leave, and Defendant's termination of his employment, alone demonstrates a causal and temporal connection between his protected activity, and the illegal actions taken against him by Defendant.

34. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for his use of what should have been approved FMLA protected leave.

35. Furthermore, the FCRA requires an employer to provide its disabled employees with reasonable accommodation.

36. Defendant failed to accommodate, let alone offer to accommodate, Plaintiff's disability and related symptoms.

37. If Defendant had engaged in the "interactive process" that the FCRA requires, it would have realized that Plaintiff clearly was able to perform his job duties and otherwise qualified for his position, with "reasonable accommodations."

38. In the alternative, Defendant perceived/regarded Plaintiff as disabled/handicapped based on the disclosure of his medical condition and associated

symptoms and, therefore, unable to perform the essential functions of his position, despite the fact that Plaintiff could in fact perform same with or without reasonable accommodation.

39. Defendant's reason for terminating Plaintiff is direct evidence of its intent to rid its workplace of a disabled employee, or an employee whom Defendant perceived/regarded as disabled or handicapped, in violation of the FCRA.

40. Plaintiff's termination constitutes an adverse action as defined by the FCRA.

41. At all material times hereto, Plaintiff was ready, willing and able to perform his job duties with or without reasonable accommodation.

42. Despite the availability of a reasonable accommodation under the FCRA, which would not have caused Defendant an undue burden, and despite the fact that Plaintiff was not, and would not be, prevented by his medical condition from completing his assigned job duties, Defendant discriminated against Plaintiff based on his disability and potential need for medical treatment/accommodation.

43. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions, or privileges" of Plaintiff's employment as envisioned by the FCRA.

44. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

45. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

46. Defendant does not have a non-discriminatory rationale for allowing and participating in the discrimination and termination suffered by Plaintiff.

47. Plaintiff has suffered damages as a result of Defendant's conduct.

48. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## UNLAWFUL INTERFERENCE UNDER THE FMLA

49. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 4-8, 15-34, 47, and 48 above.

50. At all times relevant hereto, Plaintiff was protected by the FMLA.

51. At all times relevant hereto, Defendant interfered with Plaintiff by failing to provide his FMLA paperwork or advise him of his rights and obligations under the FMLA in response to his serious health condition.

52. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

53. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

54. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## UNLAWFUL RETALIATION UNDER THE FMLA

55. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 4-8, 15-34, 47, and 48 above.

56. At all times relevant hereto, Plaintiff was protected by the FMLA.

57. At all times relevant hereto, Defendant retaliated against Plaintiff by firing him for his use or attempted use of FMLA-protected leave.

58. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

59. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise his rights to take approved leave pursuant to the FMLA.

60. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

61. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

### COUNT III
### DISABILITY DISCRIMINATION IN
### VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

62. Plaintiff realleges and adopts the allegations contained in paragraphs 1, 2-6, 9-22, 27-32, and 35-48, above.

63. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

64. The discrimination to which Plaintiff was subjected was based on his disability, or Defendant's perception that Plaintiff was disabled.

65. Defendant unlawfully refused to offer a reasonable accommodation for Plaintiff's disability, or perceived disabilities, in violation of the FCRA, and terminated Plaintiff based on his medical conditions and disability, and/or perceived disabilities, and his requests for accommodation regarding same.

66. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

67. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

68. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 14th th day of January, 2021.

(Remainder of this page intentionally left blank )

Respectfully Submitted,

By: **/s/ Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
Layal Souwed, Esq.
Florida Bar No. 1008849
RICHARD CELLER LEGAL, P.A.
10368 W. State Rd. 84 Suite 103
Davie, FL 33324
Telephone:  (866) 344-9243
Facsimile:   (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
E-mail: layal@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*